UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | CV 23-07211-FLA (ASx) | Date | August 29, 2024 |
|---|---|---|---|
| Title | *Arthur Mouradian v. GEICO General Insurance Company* | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|
| Alma Felix | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorney Present for Plaintiff: | Attorney Present for Defendants: |
| N/A | N/A |

**Proceedings (In Chambers):** **Order Denying Defendant's Motion for an Order Deeming Requests for Admissions as Admitted; Order Denying Plaintiff's Motion to Withdraw Admissions (Dkt. Nos. 22, 28-29)**

On July 19, 2024, Defendant filed a Motion for an Order deeming its requests for admissions from Plaintiff as admitted, ("Motion") (Dkt. No 22), and on August 6, 2024, Defendant filed a memorandum in support of its Motion. (Dkt. No. 27). On August 15, 2024, Plaintiff filed a Motion to withdraw or amend deemed aAdmissions, ("Motion to Withdraw"), (Dkt. No. 28), and on August 16, 2024, Plaintiff filed an amendment to the motion to withdraw with exhibits. (Dkt. No. 29). On August 23, 2024, Defendant filed an Opposition to Plaintiff's motion to withdraw and concurrently filed exhibits in support of its Opposition. (Dkt. Nos. 41, 42). On August 28, 2024, Plaintiff filed a memorandum in support of its Motion to Withdraw. (Dkt. No. 43**).** The Court finds these discovery disputes appropriate for resolution without a hearing.

The Court, having reviewed the parties' submissions**,** attached declarations, and exhibits DENIES the requested relief.

Defendant propounded Requests for Admissions ("RFAs") on Plaintiff on May 8, 2024. (Def.'s Motion at 2). Defendant alleges that because Plaintiff did not respond to these RFAs until July 26, 2024— 42 days after they were due— these RFAs should be deemed admitted by the Court. (Def.'s Opposition at 9, 11). Plaintiff contends that because Defendant would not be unfairly prejudiced by withdrawing the deemed admissions at this time and because it has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 23-07211-FLA (ASx) | Date | August 29, 2024 |
|---|---|---|---|
| Title | *Arthur Mouradian v. GEICO General Insurance Company* | | |

demonstrated good cause for its delay in responding to the RFAs, the Court should allow the admissions to be withdrawn. (Dkt. 43 at 2-5).

Under F.R.C.P. 36(b), the Court "may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." (FRCP 36(b)). Here, the parties agree that Plaintiff can meet the first prong of the legal standard because some of the deemed admissions would eliminate any meaningful presentation of the merits of Plaintiff's case. (Dkt. No. 41 at 3, Dkt. No. 43 at 2). With respect to the second prong, the prejudice considered by Rule 36(b) is "'not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence' with respect to the questions previously deemed admitted." Conlon v. United States, 474 F.3d 616, 622 (9th Cir. 2007). The Court finds that, because Defendant has been conducting discovery throughout the discovery period, including Plaintiff's deposition, withdrawal of the admissions would not create a "sudden need" to gather evidence, there is no issue regarding unavailability of key witnesses, and Defendant will not face any difficulty in proving its case at trial on the basis of the withdrawn admissions, Defendant has not sufficiently proven that it would be prejudiced should the admissions be withdrawn. Accordingly, Defendant's Motion for an Order deeming its requests for admissions from Plaintiff as admitted is DENIED. Plaintiff's Motion for an Order withdrawing its admissions is DENIED.   The hearings on September 3, 2024 at 10:00 a.m. are VACATED.

Should Defendant need more time to conduct discovery, the parties are encouraged to jointly seek a modification to the scheduling order from Judge Aenlle-Rocha.

The parties are encouraged to avail themselves of the Court's informal discovery dispute resolution process to resolve any remaining discovery issues. (*See* Judge Sagar's Procedures).

**IT IS SO ORDERED.**

cc: Fernando L. Aenlle-Rocha
    United States District Judge